IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAURICE FRANCIS FOLEY,  ) | |
|         Plaintiff  ) | |
|  ) | C.A. No. 06-92 Erie |
|     v.  ) | |
|  ) | **District Judge McLaughlin** |
| COMMONWEALTH OF PENNSYLVANIA,  ) | **Magistrate Judge Baxter** |
| et al.,  ) | |
|         Defendants.  ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that Defendants' motion for summary judgment [Document # 19] be granted.

**II.    REPORT**

    **A.     Relevant Procedural and Factual History**

On April 25, 2006, Plaintiff Maurice Francis Foley, an inmate formerly incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] Named as Defendants are: Commonwealth of Pennsylvania Department of Corrections ("DOC"); SCI-Albion; Superintendent Wolfe at SCI-Albion ("Wolfe"); Mr. Bennett, an employee at the DOC's office of professional responsibility ("Bennett"); and the following corrections officers at SCI-Albion: Officer Palmer ("Palmer"), Officer Harris ("Harris"), Officer Heighes ("Heighes"), Sgt. Beddick ("Beddick"), and Sgt. Scalise.

Plaintiff alleges that Defendants violated his right to be free from cruel and unusual punishment under the eighth amendment to the United States Constitution. In particular, Plaintiff alleges that: (I) on January 10, 2004, Defendants Palmer and Beddick assaulted him in

---

[1] Plaintiff is presently incarcerated at the United States Penitentiary at Canaan in Waymart, Pennsylvania.

a stairwell and, thereafter, continued to harass him by denying him "razors, showers, exercise yard and meals;" (ii) Defendants Scalise, Wolfe, and Bennett knew about the alleged assault and harassment, but did nothing; (iii) Defendants Heighes and Harris failed to protect him from being assaulted by a fellow inmate, who had a record of violent and aggressive behavior and had verbally threatened Plaintiff prior to the assault. (Complaint at pp. 4-5).

Defendants have filed a motion for summary judgment [Document #19] claiming that Plaintiff has, *inter alia*, failed to exhaust his administrative remedies with regard to all of his claims. Despite being provided more than enough time to file a response to Defendants' motion, Plaintiff has failed to do so. (See Document # 23, Order dated May 3, 2007, requiring Plaintiff to file a response on or before May 24, 2007). This matter is now ripe for consideration.

**B.     Standards of Review**

**1.     Motion for Summary Judgment**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v.

Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990).  Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

      The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial.  Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

      A material fact is a fact whose resolution will effect the outcome of the case under applicable law.  Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).  Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).  Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting

Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### C. Exhaustion
#### 1. The Exhaustion Requirement of the Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility *until such administrative remedies as are available are exhausted*.

Id. (Emphasis added).

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes.  Porter v. Nussle, 534 U.S. 516 (2002).  See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement).  Administrative exhaustion must be completed prior to the filing of an action.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992).  Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies.  Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL

2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[2]   The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow.  Nyhuis, 204 F.3d at 73 (by using language "no action shall be brought," Congress has "clearly required exhaustion").  There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

According to the U.S. Supreme Court, the PLRA requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, ___ U.S. ___, ___, 126 S.Ct. 2378, 2387-2388 (June 22, 2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ...").  Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal."  Id.

A plaintiff need not affirmatively plead exhaustion, but exhaustion is an affirmative defense which is waived if not properly presented by a defendant.  Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). It is the burden of a defendant asserting the defense to plead and prove it.  Id.

**2.    The Procedural Default Component of the Exhaustion Requirement**

The United States Court of Appeals for the Third Circuit has explicitly held that the exhaustion requirement of the PLRA includes a procedural default component, by analogizing it to the exhaustion doctrine (with its corollary procedural default component) in the habeas

---

[2] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction.  Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

context. Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. 2004).[3] The Circuit explained:

> We believe that Congress's policy objectives will be served by interpreting § 1997e(a)'s exhaustion requirement to include a procedural default component. Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits. Each of these goals is better served by interpreting § 1997e(a)'s exhaustion language to include a procedural default component than by interpreting it merely to require termination of all administrative grievance proceedings.

Id. Having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default." Id. at 231.

To exhaust the administrative remedies within the DOC's grievance system, a grievance must be appealed through all administrative levels of appeal at the inmate's institution and the DOC inmate-initiated grievances must follow the procedures set forth in Administrative Directive 804 ("DC-ADM 804"), which is included as part of the inmate handbook distributed to each inmate. The first step in the grievance process is for the inmate to file a claim with the institution's grievance officer. The grievance officer will investigate a grievance and provide the inmate with an Initial Review Response, which includes "a brief rationale, summarizing the conclusions and any action taken or recommended to resolve the issues raised in the grievance." DC-ADM 804 VI(B)(4). If the inmate is not satisfied with the Initial Review Response, there are two levels of appeal he must pursue to exhaust his claim: (1) an appeal within five days of his receipt of the Initial Review Response to the prison superintendent and, if the appeal is denied, (2) an appeal to the DOC Secretary's Office of Inmate Grievances and Appeals ("DOC Secretary"). DC-ADM 804 VI(C)(1).

---

[4]

There is a split of authority among the Circuits on this issue. Compare Berry v. Kerik, 366 F.3d 85 (2d Cir. 2004), Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004), and Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir. 2002), with Thomas v. Woolum, 337 F.3d 720 (6th Cir. 2003).

### 3. Exhaustion and Procedural Default Applied

Defendants argue that Plaintiff has failed to exhaust his administrative remedies. In support of this argument, Defendants have submitted the Declaration of Tracy L. Pollock, a DOC Grievance Review Officer, who certifies that:

> [She has] reviewed the grievance records of inmate Maurice F. Foley, inmate # DV 2523, who was previously incarcerated at SCI-Albion. Mr. Foley appealed only three (3) grievances to the Secretary's Office of Inmate Grievances and Appeals. They are Grievance #'s 82754, 83817, and 128169. The Secretary's Office of Inmate Grievances and Appeals dismissed Grievance #'s 82754 and 83817 because the appeals had been untimely filed. Grievance # 128169 was properly appealed and concerned Mr. Foley being charged twice for shoes he had purchased.

(Document # 21, Exhibit A at ¶ 9). Plaintiff has failed to provide any documentary evidence to contradict Ms. Pollock's Declaration. Thus, it is clear from the record that Plaintiff has failed to exhaust his administrative remedies with regard to the claims at issue in this case.[4] Moreover, in light of the 15-day time limit for filing initial grievances under the DOC grievance policy, and the fact that the challenged events took place between January 10, 2004, and April 30, 2004, Plaintiff has procedurally defaulted on his claims. Accordingly, Plaintiff's claims are not properly before this Court and should be dismissed.

## III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion for summary judgment [Document # 19] be granted. In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this

---

[4] It is worth noting that Defendants have also submitted copies of Grievance #'s 82754 and 83817 cited in Ms. Pollock's Declaration, which provide further evidence that the claims in this case have not been exhausted. (Document # 21, Exhibit B). Specifically, while these Grievances are related to the April 30, 2004 assault, they concern Plaintiff's requests to be seen by medical staff for treatment of the injuries he allegedly suffered as a result of the assault, rather than the failure to protect claim raised here. Furthermore, it is evident from Ms. Pollock's Declaration that the only Grievance properly exhausted by Plaintiff - Grievance # 128169 - involved a claim that is not at issue in this case.

Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.  See e.g., Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 8, 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated:  September 28, 2007

cc:     The Honorable Sean J. McLaughlin
        United States District Judge